**BOWLES, Price Administrator, v. KRASS et al.**

No. 5232.

District Court, E. D. Michigan, S. D.

Feb. 21, 1946.

Thereon M. Hall, Arthur J. Schuck, and George Haller, all of Detroit, Mich., for plaintiff.

Norman Rom, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

### Findings of Fact.

1. This action was instituted by Chester Bowles, Administrator of the Office of Price Administration, to restrain violation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and particularly Maximum Price Regulation No. 30 issued thereunder, relating to the grading and pricing of wastepaper.

2. The violation complained of was a sale of one bale in a shipment of sixteen bales of waste paper which was packed, graded and shipped by defendants in this District on June 5, 1945, and sold to the Consolidated Paper Company, of Monroe, Michigan, through the brokerage firm of

Fishmen Waste Paper Company, of Detroit, Michigan.

3. The bale of waste paper in question weighed 1370 pounds and was packed, graded and sold by defendants and was broken open, graded, purchased and paid for by the mill as "white ledger" paper at $46.00 per ton, the total price being $31.51. The entire sixteen bale shipment was packed and graded under the personal supervision of defendant Alexander Krass, who testified positively that the only bale thereof graded as "white ledger" was actually "white ledger" as that grade is established by said Maximum Price Regulation No. 30. Plaintiff's case was predicated upon an estimate made at the mill by one of plaintiff's investigators that the unbroken bale would contain more than 2% of outthrow, and therefore should have been placed in a lower price grade, namely, "mixed paper."

4. Defendants have been engaged in the waste paper business in this locality for upwards of fifteen years. The only claim ever made to defendants that they had violated price ceilings by upgrading was the instant complaint relative to one bale of paper.

5. Plaintiff has not proven that defendants upgraded the bale of wastepaper in question.

6. Plaintiff has not proven any other violations by defendants of the Emergency Price Control Act of 1942, as amended, or regulations issued thereunder.

7. Plaintiff has not proven any purpose or conduct on the part of defendants from which the court might infer that they are about to or will engage in any acts or practices which would violate such Act.

Conclusions of Law.

1. The court has jurisdiction of this action to restrain alleged violations in this District of the Emergency Price Control Act of 1942, as amended, under 50 U.S.C.A.Appendix § 925(a).

2. As defined by Maximum Price Regulation 30, "white ledger" paper is "ledger sheets, bond and writing papers, all white. It must contain no more than 2% outthrow, and must be free from groundwood except to the extent that groundwood is used in the furnish of ledger sheets, bond and writing papers which were free from groundwood prior to the present war."

3. Where, as here, the Administrator of the Office of Price Administration has not proven that defendants violated the Emergency Price Control Act of 1942, as amended, by upgrading of wastepaper, or any other violations of said Act, or any purpose or conduct on the part of defendants from which the court might infer that they are about to or will engage in any acts or practices which would violate such Act, the Administrator's request for injunction to restrain violations of such Act should be denied. 50 U.S.C.A.Appendix, § 925(a).

4. Accordingly a judgment is being entered simultaneously herewith dismissing the complaint herein.